UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edwin Alston; Jerry Davis; John Brinson; Michael Townsend, Kevin Choice; Ronald Buxton; Frank Boston; Bobby D. Caughman; Christopher Tucker and Antonio Sanders,<br><br>Plaintiffs,<br><br>v.<br><br>Robin Chevis, Assistant Warden of Evans Correctional Institution,<br><br>Defendants. | C/A No. 3:04-23396-GRA-JRM<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C., and filed July 19, 2005.

Plaintiffs brought this suit in the Court of Common Pleas for the Fifth Judicial Circuit in Richland County. At the time of the alleged incidents, Plaintiffs were inmates at the Evans Correctional Institution of the South Carolina Department of Corrections. On December 23, 2004, Defendants removed this action to this Court. The Defendants filed a motion to dismiss on December 28, 2004. As the Plaintiffs are proceeding *pro se*, a *Roseboro* order was entered by the Court on January 20, 2005 advising Plaintiffs that a failure to respond to Defendant's motion to dismiss could result in the dismissal

of their complaint. Plaintiffs Michael Townsend, Kevin Choice, Ronald Buxton, Christopher Tucker and Antonio Sanders filed a response on February 25, 2005. Plaintiffs Edwin Alston, Jerry Davis, John Brinson, Frank Boston, and Bobby Caughman have not filed a response to Defendant's motion to dismiss. On February 4, 2005, Plaintiffs filed a "petition for immediate injunctive relief and restraining order, from the subjection of imminent danger of serious physical injury and health problems. The magistrate recommends that the Plaintiff's motion for a preliminary injunction and/or temporary restraining order be denied and that Defendant's motion to dismiss be granted.

Plaintiffs are proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Plaintiffs have not filed any objections.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Plaintiffs' motion for a preliminary injunction and temporary restraining order be DENIED and that Defendant's motion to dismiss be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September 2, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.